Victor C. RIVERS, Plaintiff, v. Loto E. WIGGINS, et al., Defendants.

Tom J. WADE, Plaintiff, v. L. B. WELDING COMPANY, et al., Defendants.

Nos. A–9864, A–10150.

District Court, Alaska. Third Division. Anchorage. Dec. 7, 1954.

———◆———

Wilson & Wilson, Anchorage, for defendants Loto E. Wiggins, Charles W. Wiggins, Wiggins Const. Co. and Gamble Service & Equipment, Inc.

Albert Maffei, Anchorage, for Tom J. Wade, defendant and cross-claimant in cause No. A–9864, plaintiff in cause No. A–10150.

HODGE, District Judge.

In the first captioned case plaintiff, Victor C. Rivers, seeks to foreclose a lien filed November 23, 1953 upon certain real property, consisting of four lots and a building situate thereon in the City of Anchorage, for professional engineering services. Defendants Loto E. Wiggins and Charles W. Wiggins are alleged as owners or agents of the owners of the property. Defendant Tom Wade is joined as having or claiming a lien upon such property. Wade answered, pleading a cross-claim asserting a lien upon the property for compensation under the provisions of the Workmen's Compensation Act of Alaska, A.C.L.A. § 43–3–1 et seq., filed December 16, 1953, arising out of injuries sustained while an employee of the L. B. Welding Company, when said company was engaged in the construction of the building mentioned. Defendants Loto and Charles Wiggins, and Gamble Service & Equipment, Inc., having answered the cross-claim asserting the invalidity of Wade's lien, also filed a motion to dismiss such cross-claim upon the grounds that it "fails to state a cause of action against any of these defendants or against the real property described in the complaint".

In the second captioned case plaintiff, Tom J. Wade, seeks to foreclose his lien above mentioned against the L. B. Welding Company, Loto and Charles Wiggins, and others. To this complaint the defendants Loto and Charles Wig-

gins, Wiggins Construction Company, and Gamble Service & Equipment, Inc. likewise filed an answer asserting the invalidity of Wade's lien, and a motion to dismiss the action upon the same grounds.

These motions were consolidated and heard by the Court. The sole question for determination is whether or not Wade has a valid lien upon the property by reason of his compensation claim as an injured employee of the L. B. Welding Company, under the provisions of the Workmen's Compensation Act as amended. It is conceded that the L. B. Welding Company had no title or interest in the property upon which the lien is claimed.

Section 5 of the Workmen's Compensation Act of Alaska, Sec. 43–3–5, A.C.L.A.1949, as originally enacted in 1946, provided for a lien to every injured employee or beneficiary entitled to compensation under the Act for the amount of such compensation, costs and attorney's fees, "upon all of the property in connection with the construction, preservation, maintenance or operation of which the work of such injured or deceased employee was being performed at the time of the injury or death of such employee"; to be "prior and paramount and superior to any other lien of the property affected thereby, except liens for wages or materials as is now or may hereafter be provided by law, and shall be of equal rank with all such liens for wages or materials". This section also contains the following clause:

"The lien hereby provided for shall extend to and cover all right, title, interest and claim of the employer of, in and to the property affected by such lien, *and also all right, title, interest, claim or lien of any other person in or to such property, unless such person, who is not the employer of the employee so injured or killed, but who claims some right, title or interest in or to or lien upon such property, shall at least ten days prior to the injury out of which the claim for compensation*

> *arises, have posted and used reasonable diligence to keep posted in at least three conspicuous places on the property subject to such lien, a notice that the right, title, claim, interest or lien of such person in or to such property shall not be subject or subordinate to the lien of any claim for compensation by this Act provided."* (Italics added.)

The 1949 Legislature amended this section by striking out of the above quoted clause the entire language italicized, relating to the interest, claim or lien of persons other than the employer in and to the property affected, and the posting of notice. Ch. 104, S.L.A.1949. No other change was made in such section.

Defendants contend that by eliminating the clause in question it was the intention of the Legislature to limit the lien under the Act to cases where the employer is the owner of or has an interest in the property covered by the lien; while the cross-complainant contends that it was not the intention of the Legislature to so limit the lien, but rather to broaden it, and to cure defects in the former statute as to the remedy of the injured workman. No Alaska decision is found interpreting this amendment.

It had been the common practice since the passage of the Act and prior to the amendment, especially in the operation of mining claims, for persons other than the employer owning or claiming an interest in the property to post upon the premises the notice prescribed, thus relieving the property, or such interest in the property, from being subjected to any such lien.

This statutory lien prior to the amendment does not appear to have any counterpart in any other American jurisdiction, that can be found. A type of lien statute frequently found is the Colorado statute, Ch. 97, '35 C.S.A. § 367, also found in 1 Schneider, Workmen's Compensation Stat-

utes (hereafter cited as WCS) 356. This statute provides
as follows:

> "The right of compensation granted by this
> Act and any awards made thereunder shall have
> the same preference or lien without limit of
> amount against the assets of the employer or his
> insurer or both as is now or hereafter may be al-
> lowed by law for a claim for unpaid wages for
> labor."

As may be noted the lien under this statute is limited to
the assets "of the employer or his insurer or both". Stat-
utory provisions very similar to this are found in Arkan-
sas, 1 WCS 189; Florida, 1 WCS 553; New Jersey, 3
WCS 2301; and South Dakota, 4 WCS 3575. The Nebras-
ka statute, 3 WCS 2187, is also similar to the Colorado sec-
tion with the addition of a provision expressly forbidding
liens on the property of third parties. Michigan, 2 WCS
1585, and New York, 3 WCS 2612, give an award the
status of a lien on the property of the employer subject to
certain other named liens. No statute is found creating a
lien upon property other than the employer or insurance
carrier.

 It definitely appears from the above that it was
the intention of the Legislature to eliminate from the lien
provisions of the Workmen's Compensation Act any such
lien upon the property of persons other than the employer.

 The lien created being purely statutory, and not
based upon any common law or equitable lien, no such claim
may be asserted against the property of the owner in the
absence of express statute declaring such lien. The motion
to dismiss the cross-claim of Wade in the case of Rivers
v. Wiggins, et al., and to dismiss the complaint of plain-
tiff Wade in the case of Wade v. L. B. Welding Company,
will therefore be granted. Orders may be submitted ac-
cordingly.